IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |
|---|---|
| RICKY LEE JONES,<br><br>        Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>        Defendant. | No. 25-2011<br><br>Filed: January 13, 2026 |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ricky Lee Jones, proceeding pro se, seeks to recover $750,000 from the United States to support his retirement. Plaintiff alleges that, in 1967, an intoxicated member of the United States Military driving a Military vehicle struck Plaintiff's father, Edward Lee Jones. Plaintiff's father ultimately died from the injuries he sustained in the accident. Plaintiff states that if his father were alive today, he would be able to financially support Plaintiff's retirement. Plaintiff also filed an application to proceed in forma pauperis ("IFP Application"). For the reasons stated below, the Court **GRANTS** Plaintiff's IFP Application and **DISMISSES** Plaintiff's Complaint pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

           **I.**      **BACKGROUND**

On November 24, 2025, Plaintiff filed his Complaint asserting "a substantive due process violation . . . based on the inadequate monetary response by the U.S. Military after a member of the military caused the death of [Plaintiff's] father." Pl.'s Compl. at 2, ECF No. 1. Specifically, Plaintiff's Complaint states that in 1967 his father, Edward Lee Jones, was struck by a U.S. Military vehicle driven by an intoxicated servicemember. *Id.* After 10 months in a coma, Plaintiff's father died from his injuries. *Id.* As described in the Complaint, "[t]he U.S. Military

was involved in specific acts surrounding" the death of Plaintiff's father, including payment of his father's hospital bills and payment to transport his father's body to his final resting place. *Id.* The Complaint also states that "the intoxicated driver of the military vehicle was enabled to enlist in the military for [20] years to avoid prosecution." *Id.* Plaintiff further indicates that "[w]ere Plaintiff's father alive today, he would be worth millions just based on the businesses and commercial real estate he owned at the time of the incident." *Id.* Thus, "his father would be able to help with this retirement issue." *Id.* As relief, "Plaintiff is seeking $750,000 to be able to afford to retire." *Id.* at 3.

Concurrently with his Complaint, Plaintiff filed an IFP Application. ECF No. 2. Among other things, Plaintiff's IFP Application indicates that he is currently employed with a monthly net income of $2,441 and monthly expenses totaling approximately $1,912. *Id.* at 1, 2. The IFP Application also states that Plaintiff currently has $450 in a checking or savings account and $25,000 in credit card debt. *Id.* at 2.

## II.    LEGAL STANDARDS

### A.    IFP Application

A court may waive the filing fees and allow a plaintiff to proceed IFP if he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Whether to allow a plaintiff to proceed IFP is left to the discretion of the reviewing court, based on information submitted by the plaintiff. *Thompson v. United States*, 99 Fed. Cl. 21, 24 (2011). Being "unable to pay such fees," as contemplated by § 1915(a)(1), "means that paying [the filing] fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007) (recognizing that the burden of demonstrating an inability to pay is not a heavy one).

B.     **Tucker Act Jurisdiction**

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act, however, does not create 'substantive rights[,]'" nor does it grant the Court jurisdiction over "every claim invoking the Constitution, a federal statute, or a regulation." *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 322 (2020) (quoting *United States v. Navajo Nations*, 556 U.S. 287, 290 (2009) and then quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)). Instead, to invoke jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages" from the United States. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). A "court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019); *see also* RCFC 12(h)(3) (stating that the Court "must dismiss the action" if at any time it finds it lacks subject-matter jurisdiction).

Claims filed in the Court of Federal Claims are subject to the statute of limitations set forth in 28 U.S.C. § 2501. As such, a claim is barred unless "filed within six years after such claim first accrues." 28 U.S.C. § 2501. The statute expands the six-year limitations period only for a plaintiff who was "[(1)] under legal disability or [(2)] beyond the seas at the time the claim accrue[d]." *Id.* The limitations period is jurisdictional and not subject to equitable tolling. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008). The statute of limitations may, however, be suspended under the accrual suspension rule if the plaintiff establishes that the "defendant has concealed its acts with the result

3

that plaintiff was unaware of their existence or . . . that its injury was 'inherently unknowable' at the time the cause of action accrued." *Ingrum v. United States*, 560 F.3d 1311, 1314–15 (Fed. Cir. 2009) (quoting *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003) (en banc)).

Although filings by pro se litigants are liberally construed, pro se plaintiffs still bear the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019). "[T]he leniency afforded to *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements." *Id.* (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

### III.   DISCUSSION

**A.   Plaintiff's IFP Application is Granted.**

Plaintiff meets the requirements of 28 U.S.C. § 1915(a)(1) to proceed in forma pauperis because his IFP Application demonstrates that paying the filing fee would present serious hardship. *See Fiebelkorn*, 77 Fed. Cl. at 62. Thus, the Court grants Plaintiff's IFP Application.

**B.   Plaintiff's Complaint is Dismissed.**

Although the Court is sympathetic to Plaintiff's circumstances, it must dismiss this matter for lack of subject-matter jurisdiction. Plaintiff's claim is not based on a money-mandating provision of law and is, therefore, beyond this Court's jurisdiction. Even if Plaintiff had alleged a claim based on a money-mandating source of law, such a claim would be jurisdictionally barred by the Court's statute of limitations.

1.   <u>Plaintiff's Claim Is Not Based on a Money-Mandating Source of Law.</u>

Plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction because it does not invoke a money-mandating source of law. Plaintiff argues that jurisdiction is proper "because the claim involves more than $10,000 and it is against the United States." ECF No. 1 at 1. The Tucker Act indeed provides this Court with limited jurisdiction to entertain claims for

monetary damages against the United States.  28 U.S.C. § 1491(a)(1); *see also Me. Cmty. Health Options*, 590 U.S. at 322.  But the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  Therefore, the requisite substantive right must appear in another source of law, such as a "money-mandating constitutional provision, statute or regulation that has been violated, or an express or implied contract with the United States." *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1554 (Fed. Cir. 1994) (en banc).

Although Plaintiff labels his claim as "a substantive due process violation," ECF No. 1 at 2, it appears that his Complaint is best construed as alleging a wrongful death claim.  *See Pentagen Techs. Int'l Ltd. v. United States*, 175 F.3d 1003, 1005 (Fed. Cir. 1999) (stating that courts should interpret pro se complaints "liberally" and "excuse errors" reflecting the "*pro se* litigants' unfamiliarity with legal requirements"); *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987) ("Pro se petitioners are not expected to frame issues with the precision of a common law pleading."); *cf. Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.  They may do so . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." (citations omitted)).  Whether construed as asserting a substantive due process claim or as asserting a wrongful death claim, Plaintiff's Complaint fails to invoke the Court's jurisdiction, as neither claim involves a money-mandating provision of law and the latter claim sounds in tort.

A substantive due process claim alleges that the Government violated a right that is so "deeply rooted in [our] history and tradition" and "essential to our Nation's scheme of ordered liberty" such that it is protected by the Constitution.  *Dobbs v. Jackson Women's Health Org.*, 597

5

U.S. 215, 237–38, 237 n.19 (2022) (internal quotation marks omitted).  The Supreme Court has recognized these rights to include certain liberty interests such as "the fundamental right of parents to make decisions concerning the care, custody, and control of their children," *Troxel v. Granville*, 530 U.S. 57, 66 (2000), the right to privacy in "matters such as intimate sexual relations, contraception, and marriage," *Dobbs*, 597 U.S. at 231, and the right to "refus[e] unwanted medical treatment," *Cruzan by Cruzan v. Dir., Mo. Dep't of Health*, 497 U.S. 261, 278 (1990).  Plaintiff does not allege that the Government violated a right that is "deeply rooted in" our Nation's "history and tradition" or "essential to our Nation's scheme of ordered liberty."  *Dobbs*, 597 U.S. at 237–38.  Instead, Plaintiff seeks monetary damages "to be able to afford to retire" based on the alleged "inadequate monetary response by the U.S. Military after a member of the military caused the death of [Plaintiff's] father."  ECF No. 1 at 2–3.  The substantive due process rights recognized by the Supreme Court do not include a right to recover from the Government damages for retirement resulting from a death allegedly caused by the negligence of a U.S. servicemember.  *See, e.g.*, *Troxel*, 530 U.S. at 66; *Dobbs*, 597 U.S. at 231; *Cruzan*, 497 U.S. at 278.

Even if Plaintiff's Complaint were construed as asserting a substantive due process violation, this Court would lack jurisdiction.  "The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act."  *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Polinski v. United States*, 177 Fed. Cl. 782, 785 (2025) (dismissing substantive due process claim for lack of subject-matter jurisdiction).

Plaintiff's claim seeking to recover for losses sustained as a result of the death of his father is best construed as a wrongful death action, rather than a substantive due process claim.  A

wrongful death action is "designed to compensate the survivors or the estate of the deceased for losses they have sustained." *Tembenis v. Sec'y of Health & Hum. Servs.*, 733 F.3d 1190, 1196 (Fed. Cir. 2013) (citing 1 Speiser & Rooks, *Recovery for Wrongful Death* § 1:13; *Restatement (Second) of Torts* § 925 & cmt.a. (1979)).  The Court, however, "does not have subject matter jurisdiction over tort or wrongful death claims." *Bru'ton v. United States*, 621 F. App'x 650, 651 (Fed. Cir. 2015).  Indeed, the Tucker Act explicitly excludes tort claims from this Court's jurisdiction. *Id.* (citing 28 U.S.C. § 1491(a)(1); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007); and *Martinez v. United States*, 391 F. App'x. 876, 878 (Fed. Cir. 2010)).  Because wrongful death actions sound in tort, this Court lacks jurisdiction over Plaintiff's wrongful death claim. *Mason v. United States*, No. 18-503, 2018 WL 5960766, at *2 (Fed. Cl. Oct. 23, 2018).

Thus, regardless of whether Plaintiff's Complaint is construed as alleging a substantive due process claim or a wrongful death claim, the Court must dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction.

2. <u>Plaintiff's Claim Is Barred by the Six-Year Statute of Limitations.</u>

Plaintiff's Complaint must also be dismissed for the independent reason that the six-year statute of limitations has run and thus this Court lacks jurisdiction. 28 U.S.C. § 2501.  Under § 2501, a claim first accrues "when all the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988) (emphasis omitted) (citing *Kinsey v. United States*, 852 F.2d 556, 557 n.* (Fed. Cir. 1988)); *see also Gabelli v. SEC*, 568 U.S. 442, 448 (2013) ("[T]he standard rule is that a claim accrues when the plaintiff has a complete and present cause of action." (internal quotation marks omitted)).  Plaintiff's claim accrued in 1967 when the accident and resulting death of Plaintiff's father occurred. *See* ECF No. 1 at 2.  At that point in time, the Government's alleged liability became fixed, and Plaintiff was entitled to

7

institute an action. Plaintiff, therefore, needed to file his claim by 1973 to comply with the statute of limitations.[1]

Plaintiff seeks to avoid the timeliness issue by arguing that the "due process violation" did not "crystallize[]" until Plaintiff "reached his retirement age" and could not afford to retire. *Id.* Thus, Plaintiff argues that the statute of limitations "runs from Plaintiff's retirement age" rather than from 1967. *Id.* This amounts to an argument that Plaintiff did not realize the full breadth of the consequences of the Government's acts or omissions until he reached the age of retirement. But "[t]he proper focus for statute of limitations purposes is upon the time of the defendant's *acts*, not upon the time at which the *consequences* of the acts became most painful." *Goodrich v. United States*, 434 F.3d 1329, 1333–34 (Fed. Cir. 2006) (citation modified) (emphasis in original). Accordingly, for purposes of determining the accrual date for Plaintiff's claim the relevant dates are the dates of the 1967 accident and subsequent death of Plaintiff's father, not the date at which Plaintiff reached retirement.

For similar reasons, Plaintiff cannot satisfy either requirement of the accrual suspension rule. Where the defendant concealed its acts such that the plaintiff did not know of their existence or the plaintiff's injury was inherently unknowable, the accrual suspension rule effectively stops the commencing of the limitations period until the plaintiff knew or should have known of his claim. *See Japanese War Notes Claimants Ass'n of Phil., Inc. v. United States*, 373 F.2d 356, 359 (Ct. Cl. 1967) ("In this situation the statute will not begin to run until plaintiff learns or reasonably should have learned of his cause of action."). "As a judicial interpretation of a legislative

---

[1] The version of 28 U.S.C. § 2501 in effect at the time of the acts or omissions giving rise to Plaintiff's claim is functionally identical to the current version, imposing a six-year limitations period on claims within the jurisdiction of this Court's predecessor, the Court of Claims. *See* Pub. L. No. 83-779, 68 Stat. 1226, 1246 (1954); *John R. Sand & Gravel*, 552 U.S. at 134–36 (tracing the history of this Court's statute of limitations).

enactment, the rule is strictly and narrowly applied." *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed. Cir. 1985). Because Plaintiff has neither alleged that the Government concealed any of its acts nor established that his injury was inherently unknowable, the accrual suspension rule is inapplicable.

First, Plaintiff does not allege that the Government concealed any of its acts such that Plaintiff was unaware of their existence. To the contrary, the Complaint alleges that the servicemember who struck his father was uniformed and driving a U.S. Military vehicle. *See* ECF No. 1 at 2. Moreover, Plaintiff alleges that the Government paid for Plaintiff's father's medical expenses and to have Plaintiff's father transferred to his final resting place. *Id.* There is, therefore, no basis for the Court to infer any sort of concealment such that Plaintiff was unaware of the facts giving rise to his claim at the time it accrued.

Second, Plaintiff's injury was not inherently unknowable. In determining whether a claim was inherently unknowable, courts consider whether the plaintiff knew or reasonably should have known of his cause of action. *See Japanese War Notes*, 373 F.2d at 358–59. Mere ignorance of legal rights is insufficient to suspend accrual, *id.*, and the plaintiff need not "obtain a complete understanding of all the facts," *Hopland*, 855 F.2d at 1577, or know "the full extent of the damage" inflicted, *Navajo Nation v. United States*, 631 F.3d 1268, 1277 (Fed. Cir. 2011) (quoting *Boling v. United States*, 220 F.3d 1365, 1371 (Fed. Cir. 2000)), before the limitations period begins to run.

Here, Plaintiff's argument that the date of accrual should be suspended until the date he reached retirement age is based on the premise that he did not fully appreciate the scope and gravity of the harm allegedly caused by the Government's acts until that time. *See* ECF No. 1 at 2. But while Plaintiff may not have appreciated "the full extent of the damage," *Navajo Nation*, 631 F.3d at 1277, Plaintiff was aware of the facts giving rise to his claim at the time they occurred. *See*

9

*Young*, 529 F.3d at 1385 (Fed. Cir. 2008) ("It is a plaintiff's knowledge of the facts of the claim that determines the accrual date."). Moreover, Plaintiff knew or reasonably should have known that his father's death resulted in a loss of his father's expected future earnings and benefits at the time of the accident and resulting death. It was plausible that Plaintiff was going to retire at some point, so the lack of any support from his father in retirement (as at any point in Plaintiff's life after 1967) was a knowable consequence at the time of his father's death.[2] *See LaFont v. United States*, 17 Cl. Ct. 837, 843 (1989) (rejecting argument for suspension of limitations period where although the "plaintiff was not aware of the full extent of the damages" until later, "the circumstances were such that damage was a foreseeable future event"); *cf. Jones v. United States*, 30 F.4th 1094, 1105 (Fed. Cir. 2022) ("[A] disability that progressively worsens over time is not a basis for suspending the accrual of a claim for disability retirement."). That Plaintiff failed to realize until more recently that his father's death would affect Plaintiff's ability to retire is not enough to suspend the statute of limitations period. Thus, Plaintiff's injury was not inherently unknowable.

Finally, Plaintiff's infancy at the time of the incident does not render his claim timely because he did not file his suit within three years after reaching the age of majority. *See* ECF No. 1 at 2 (indicating Plaintiff was born in 1957 and would have been no more than 10 years old at the time of the 1967 incident). For plaintiffs with legal disabilities, § 2501 creates an additional three-

---

[2] The Court also notes that Plaintiff's assertions regarding his father's ability to support Plaintiff's retirement are hypothetical in that they are based on the amount of money that Plaintiff's father would have made if he were still alive. *See* ECF No. 1 at 2 (asserting that "[w]ere Plaintiff's father alive today, he would be worth millions . . .") Generally, speculative damages are not recoverable for most matters within this Court's jurisdiction. *Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1373 (Fed. Cir. 2005). Nonetheless, for purposes of determining whether subject-matter jurisdiction exists, the Court accepts the allegations in Plaintiff's Complaint as true. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)).

year period in which to bring a claim. *See Red Cloud v. United States*, 158 Fed. Cl. 500, 517 (2022). Infancy has been recognized as a legal disability within the meaning of § 2501. *Id.* (citing *Evans v United States*, 107 Fed. Cl. 442, 453 (2012)). A plaintiff reaches the age of majority at 18. *Id.* (citing *Age*, *Black's Law Dictionary* (11th ed. 2019)). When the legal disability ceases—in the case of infancy, when a plaintiff reaches 18 years old—the plaintiff has three years to timely file his claim. *Goewey v. United States*, 612 F.2d 539, 546 (Ct. Cl. 1979). Plaintiff reached the age of 18 in 1975. *See* ECF No. 1 at 2. Thus, at the latest, Plaintiff's claim expired in 1978, three years after Plaintiff reached the age of majority. Because Plaintiff filed his Complaint in 2025, approximately 47 years beyond the statute of limitations, the Court lacks jurisdiction to entertain his claim.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application (ECF No. 2) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for lack of jurisdiction. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. The Clerk is directed to enter judgment accordingly.

**SO ORDERED**.


Dated: January 13, 2026                                         */s/ Kathryn C. Davis*
                                                                                 KATHRYN C. DAVIS
                                                                                 Judge